IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 11-0223-WS |
| | ) |
| KENDALL CARR, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Kendall Carr's Motion to Fix Trial in the Northern Division (doc. 25). The Motion has been briefed and is ripe for disposition.[1]

The Indictment (doc. 1) charges defendant with forcibly breaking into a United States Post Office in Newbern, Alabama, with the intent to commit therein a larceny or other depredation, all in violation of 18 U.S.C. § 2115. Newbern is located in Hale County, Alabama, approximately 40 miles from the Selma courthouse in the Northern Division of this judicial district, and approximately 155 miles from the Mobile courthouse in the Southern Division. On September 20, 2011, defendant was released, subject to conditions of release. On October 12, 2011, the Magistrate Judge signed an Arrest Warrant (doc. 36) for defendant, based on a showing that he has violated the terms and conditions of his supervised release by testing positive for controlled substances and failing to report for drug screening. The Court understands that this arrest warrant has not yet been executed and that defendant is not in custody at this time.

Defendant now moves this Court pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rule 18 of the Federal Rules of Criminal Procedure to fix the trial of this action in the Northern Division. The Government opposes the request.

---

[1] This defendant also filed a Motion for Severance (doc. 24), requesting that his trial be severed from that of his co-defendant, David Carr, Jr., on the ground that David Carr had given a statement to law enforcement implicating Kendall Carr in the underlying offense. On October 13, 2011, David Carr entered a plea of guilty to Count One of the Indictment. (*See* doc. 39.) As a result, Kendall Carr's Motion for Severance is **moot**, inasmuch as there is no longer any co-defendant trial from which his trial may be severed.

Defendant's appeal to constitutional considerations is meritless, as a matter of law. After all, it is well-settled that a criminal defendant has no constitutional right to trial in a particular division of a judicial district. *See, e.g., United States v. Merrill*, 513 F.3d 1293, 1304 (11th Cir. 2008) ("The Sixth Amendment to the United States Constitution guarantees a speedy and public trial in the state and district wherein the crime was committed. … The district means the judicial district of the United States Courts."); *United States v. Pepe*, 747 F.2d 632, 647 n.15 (11th Cir. 1984) ("Appellants certainly have no constitutional rights to venue or vicinage within a division."); *United States v. Betancourt*, 734 F.2d 750, 756 (11th Cir. 1984) ("there is no constitutional right to trial within a division"); *United States v. Burns*, 662 F.2d 1378, 1382 (11th Cir. 1981) ("a division has no constitutional significance").[2] Defendant has proffered no legal argument to rebut this unbroken line of adverse authority; therefore, his contention that he has some constitutional right to trial in the Northern Division fails.

Defendant's reliance on Rule 18 of the Federal Rules of Criminal Procedure fares no better. That Rule provides that a district court "must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." Rule 18, Fed.R.Crim.P.; *see also Merrill*, 513 F.3d at 1304 ("The court must balance not only the effect the location of the trial will have upon the defendants and their witnesses, but it must weigh the impact the trial location will have on the timely disposition of the instant case and other cases."); *Betancourt*, 734 F.2d at 756 (in exercising discretion over venue, "the judge must consider (1) the convenience of the defendant, (2) the convenience of the witnesses, and (3) the prompt administration of justice"). The law is clear that a trial court has "broad discretion in deciding where to fix the location of the trial," so long as it gives "due consideration to the factors listed in Rule 18." *United States v. Garza*, 593 F.3d 385, 388 (5th Cir. 2010) (citations and internal quotation marks omitted); *see also Merrill*, 513 F.3d at 1304 (noting that "[a] district court has discretion to fix the place of a trial in any division within the district").

---

[2] *See also United States v. Mallett*, 496 F.3d 798, 801 (7th Cir. 2007) ("A defendant may be tried in a division of a judicial district different than the division where the crime was committed."); *United States v. Lipscomb*, 299 F.3d 303, 339 (5th Cir. 2002) ("There is no basis for inferring the existence of a constitutional right to trial within the *division* where a criminal defendant lives or where a crime was committed.").

Defendant has made no showing that any of these Rule 18 factors favor fixing trial in the Northern Division. Although defendant suggests that it will be more convenient for him to attend trial in the Northern Division because he resides in Hale County, that factor is greatly attenuated in this case by the existence of a warrant for defendant's arrest and the substantial likelihood that his conditions of release may be revoked based on his recent conduct of multiple positive drug tests and failure to appear for at least one other drug screen. As for witnesses, defendant vaguely alludes to "potential witnesses" who are "residents of Hale County" (doc. 25, at 3), but he does not identify them, explain why he intends to call them at trial, or describe any inconvenience or hardship that might be worked on them by traveling to Mobile (rather than Selma) to testify on his behalf. This meager showing does not warrant a finding that the convenience of witnesses favors setting trial in the Northern Division. Finally, with respect to the prompt administration of justice, defendant has made no showing that the prompt administration of justice would be advanced by moving this trial from Mobile to Selma.[3] All indications before this Court are that fixing trial in the Northern Division would in no way serve the prompt administration of justice. If anything, it would delay that administration of justice given the seven-week lag in constituting jury venires in the Northern Division, which could have the effect of pushing this trial (which is presently slated for the November term) as far out as January 2012.

For all of these reasons, the Court in its discretion finds, after careful consideration of all the factors enumerated in Rule 18, that defendant has not shown that trial of this cause should be fixed in the Northern Division.[4]

---

[3] In that regard, the undersigned has previously noted the virtues of holding criminal trials in the Southern Division. *See United States v. Mason*, 2009 WL 1077711, *2 (S.D. Ala. Apr. 21, 2009) (framing Southern Division as "the preferred venue for criminal trials in the Southern District to promote administrative convenience, logistical efficiency, and expeditious adjudication of criminal matters," and explaining that Northern Division trials would require transport of court legal, clerical, and administrative personnel from Mobile to Selma, as well as counsel and litigation support personnel for both the Government and defendant, with attendant delays in administration of justice in this and other cases).

[4] Insofar as defendant makes allusions to jury diversity and suggests that he is entitled to a jury venire comprised of residents of the Northern Division, the Court disagrees. It has generally been held that a defendant has no constitutional or statutory right to a jury drawn from a particular division. *See, e.g., United States v. Grisham*, 63 F.3d 1074, 1080 (11th Cir. (Continued)

In light of the foregoing considerations, defendant's Motion for Severance (doc. 24) is **moot**, and his Motion to Fix Trial in the Northern Division (doc. 25) is **denied**.

DONE and ORDERED this 20th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

1995) ("the Sixth Amendment does not entitle a federal criminal defendant to a jury summoned from a fair cross-section of the community immediately surrounding the place of the crime, but merely to a jury drawn from a fair cross-section of some previously defined geographical area within the boundaries of the judicial district in which the offense occurred"); *United States v. Richardson*, 537 F.3d 951, 959 (8th Cir. 2008) ("Richardson does not have a right to have his trial in or jurors summoned from a particular division of the state and district where the crime was committed."); *United States v. Bahna*, 68 F.3d 19, 24 (2nd Cir. 1995) (reaffirming jury plan that caused criminal juries to be selected from division where court convenes, despite demographic differences in divisions, where "[a] petit jury may be drawn constitutionally from only one division and not the whole district"); *United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985) ("the jury is not required to be selected either from the entire district or from the division in which the crime was committed"); *Zicarelli v. Dietz*, 633 F.2d 312, 317-18 (3d Cir. 1980) (no constitutional right to jury chosen either from division where offense was committed or from entire district which includes that division); *United States v. Davis*, 2001 WL 1662485, *5 (6th Cir. Dec. 27, 2001) (defendant's right to representative cross-section of community was not violated where empanelled jury was chosen from division in which trial was held, rather than division in which crime occurred). Moreover, insofar as defendant seeks a trial in the Northern Division because of the demographics of the area, such a consideration is improper in the Rule 18 context. *See United States v. McKinney*, 53 F.3d 664, 673 (5th Cir. 1995) (noting that "[a]n attempt to influence the racial balance of the jury by setting a case in a particular division would not have been appropriate or acceptable").